```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

|  |  |  |
|---|---|---|
| WENDY S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:20-cv-1793-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Wendy S. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 13).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 10, 11. Plaintiff also filed a reply brief. *See* ECF No. 12. For the reasons set forth below, the Commissioner's motion for judgment on the pleadings (ECF No. 11) is **DENIED**, and Plaintiff's motion for judgment on the pleadings (ECF No. 10) is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed applications for DIB and SSI on September 27, 2013, alleging disability beginning January 11, 2013 (the disability onset date), due to: (1) depression; (2) stroke;

(3) PTSD; and (4) anxiety. Transcript ("Tr.") 217-23, 224-28, 176. The claims were denied initially on May 30, 2012, after which Plaintiff requested a hearing. Tr. 18. On March 16, 2016, Administrative Law Judge Susan Smith conducted a hearing in Buffalo, New York. Tr. 18, 35-56 Plaintiff appeared and testified at the hearing and was represented by Melissa Pezzino, an attorney. *Id*. Paul W. Delmar, a vocational expert {"VE"), also appeared and testified at the hearing. *Id*.

Following an unfavorable decision issued on April 12, 2016, finding that Plaintiff was not disabled (Tr. 15-34), and denial of further review by the Appeals Council on September 15, 2017 (Tr. 1-6), Plaintiff filed a claim in the United States District Court for the Western Division of New York on November 9, 2017 (Tr. 667-700). The Court remanded the matter on March 28, 2019 (Tr. 701-709, 710), after which the Appeals Council issued a Notice of Remand (Tr. 711-715).

Thereafter, on July 16, 2020, Administrative Law Judge Paul Georger (the "ALJ") presided over a telephonic hearing.[1] Tr. 609-40. Plaintiff testified and was represented by Zachary Zabawa, an attorney. Warren Maxim, a vocational expert ("VE"), also appeared and testified at the hearing. On September 1, 2020, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled Tr. 581-598), after which Plaintiff appealed the ALJ's decision directly to this Court.

## LEGAL STANDARD

I. **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") pandemic, all participants attended the hearing by telephone. Tr. 1395.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.   The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f).

3

If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his September 1, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2018.

2. The claimant has not engaged in substantial gainful activity since January 11, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: history of stroke, occlusion of right middle cerebral artery, degenerative disc disease of the lumbar spine with spondylosis and osteoarthritis, obesity, osteoarthritis of the bilateral knees, asthma, tachycardia, anxiety disorder, major depressive disorder, and a panic disorder. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)[2] except the claimant can never climb ramps and stairs. She can never climb ladders, ropes, or scaffolds, balance, kneel, crouch, or crawl. She can stoop occasionally. The claimant can never be exposed to humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold, or extreme heat. The claimant is able to perform simple, routine and repetitive tasks, but not at a production rate pace (*e.g.*

---

[2] "Sedentary" work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

assembly line work). The claimant is able to interact with supervisors, coworkers, and the public occasionally. She is able to make simple work-related decisions.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 13, 1978 and was 34 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 11, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 581-598.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on September 27, 2013, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 598. The ALJ also determined that based on the application for supplemental security benefits protectively filed on September 27, 2013, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id.*

## ANALYSIS

Plaintiff asserts a single point of error, challenging the ALJ's RFC finding. *See* ECF No. 10-1 at 15-25. Plaintiff argues that the ALJ rejected, in whole or in part, every opinion regarding Plaintiff's mental ability to work. *See id.* at 17. Plaintiff claims that, by rejecting every opinion, the ALJ created a gap in the record and then proceeded to "fill" the gap by crafting a mental RFC finding based upon his own lay interpretation of the evidence. *See id.* at 15, 17.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the entire record in this case, the Court finds that the ALJ's RFC finding is not supported by substantial evidence. Plaintiff is hyper obese with a BMI on occasion of over 60. She also has a myriad of medical problems as noted by the ALJ. Based on Plaintiff's morbid obesity and medical records showing ongoing cardiac arrythmia problems, the Court has serious concerns that these issues were not sufficiently addressed by the ALJ in his decision. The ALJ did find that her tachycardia was a severe condition. However, the ALJ's findings that "the record did not reflect recurrent arrhythmias" (Tr. 586), that Plaintiff "was able to reduce her tachycardia with controlled breathing and medication (Tr.590), and that her "tachycardia [was] generally well controlled" (Tr. 593), is not supported by record. Rather, the record reflects evidence of recurrent tachycardia, as well as other cardiac arrhythmias, including premature ventricular contractions ("PVCs"), supraventricular premature complexes (possible premature atrial contractions), and atrial flutter. *See e.g.* Tr. 326, 550, 551, 1018, 1022, 1044, 1152, 1161,1163,1176, 1186 (EKG results), 1354, 1435, 1441, and 1446.

While a scant number of records reflect a heart rate below 100 when the heart rate is noted, most do not. The gist of the ALJ's opinion is that Plaintiff's sinus tachycardia is merely fleeting. Troubling to the Court is the ALJ's rather casual citation to a couple of records indicating her tachycardia is controlled when in fact it is most often not. Except as to the issue concerning tachycardia, the ALJ provided an excellent summation of the medical record. However, given

6

Plaintiff's severe anxiety disorder coupled with generally persistent tachycardia, the ALJ should consider whether such is related to her stress and anxiety and how that might affect her ability to work with her supervisors and the public in the very restrictive RFC crafted, or whether her tachycardia is merely a benign manifestation.

The Court is aware that Plaintiff did not challenge the ALJ's consideration of her physical impairments and acknowledges that this remand is not on a point raised specifically by a party. However, given Plaintiff's very complicated medical condition, the Court finds such is justified. Further, in the interest of justice, Plaintiff should have an opportunity to appear in person so the ALJ can better assess whether she is entitled to receive disability benefits or perform some work in the national economy.

Based on the foregoing, the Court remands this case so that the ALJ may address the deficiencies noted above. On remand, the ALJ. should thoroughly explain his findings related to the evidence of cardiac arrythmias in accordance with the regulations *See Martin v. Berryhill*, 16-cv-6184-FPG, 2017 WL 1313837, at *4 ("There were many avenues available to the ALJ to fill the gap in the record . . . ") (citing *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) ). On remand, the Commissioner "should employ whichever of these methods are appropriate to fully develop the record as to [Plaintiff's] RFC." *Martin*, 2017 WL 1313837, at *4. In this case, the ALJ should develop the record as necessary, and if warranted, obtain opinions as to Plaintiff's functional limitations from treating and/or examining sources, obtain a consultative physical examination and/or a medical expert review, and/or obtain a functional capacity evaluation.

Because the Court has already determined, for the reasons discussed above, that remand of this matter for further administrative proceedings is necessary, the Court declines to address Plaintiff's additional arguments. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question

whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted*); Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, *261 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE